# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE



| | | |
|---|---|---|
| **BRENDAN LINEHAN SHANNON**<br>**JUDGE** | | **824 N. MARKET STREET**<br>**WILMINGTON, DELAWARE**<br>**(302) 252-2915** |

July 13, 2026

Ms. Verlyn T. Rayfield                                  Elizabeth A. Trachtman, Esquire
821 W. 32nd Street                                      Orlans PC
Wilmington, DE  19802                                   4250 Lancaster Pike, Suite 140
                                                        Wilmington DE  19805

Re:    In re Verlyn T. Rayfield
       Case No.  25-11834 (BLS)

Dear Ms. Rayfield and Ms. Trachtman:

This letter follows upon several hearings (most recently June 30, 2026) held by the Court on Ms. Rayfield's Motion to Require Counsel to Show to Authority Appear and to Strike Filings for Authority is Not Established[1] (the "Motion").  At the outset of the Chapter 13 case, Ms. Rayfield filed the Motion challenging the authority of Freedom Mortgage Corporation ("Freedom" or the "Servicer") to appear and act in this case in connection with Ms. Rayfield's mortgage.  The record indicates that Ms. Rayfield does not dispute that she is liable under the note and mortgage relating to her home, but she asserts that Freedom has not provided necessary proof that it is legally and contractually authorized to act to enforce rights relating thereto, and otherwise appear as a creditor in this case.

In response to the Motion, and at the urging of the Court, the Servicer prepared and filed an Affidavit in Support of Loan Ownership[2] on June 24, 2026.[3]  That Affidavit was attested to under penalty of perjury by Ms. Heather Diaz, an employee of Freedom.  Ms. Diaz attested that the Note and Mortgage on Ms. Rayfield's home have been submitted as attachments to the proof

---

[1]    Docket No. 25.
[2]    Docket No. 75.
[3]    The Court notes that the Affidavit was filed after the deadline set by the Court.  Nevertheless, the Court will consider the Affidavit and will not strike it or otherwise impose any sanctions for the delay in filing.  As a threshold matter, the Court is confident that counsel expended significant and diligent efforts in coordination with her client to obtain the Affidavit.  Additionally, the Court notes that the Affidavit filed here is not typically a document prepared and filed in Chapter 13 cases, and that circumstance likely contributed to the delay in filing.

Ms. Verlyn T. Rayfield
Elizabeth A. Trachtman, Esquire
July 13, 2026
Page 2

of claim filed by the Servicer in this case. Ms. Diaz has adequately attested that she has access to and familiarity with Freedom's business records as they are kept and maintained in the ordinary course.  The Affidavit further states that Freedom acquired the Note from MERS as nominee for Synergy One Lending in August 2022.  The Assignment of the Mortgage is attached to the Proof of Claim and is thus part of the record here.

Ms. Rayfield has filed an Objection[4] to the Affidavit on the ground that Freedom's submission was untimely and that the Affidavit fails to provide adequate evidence to rebut the allegations in her Motion.  The Debtor's Objection to the Affidavit is overruled.  Ms. Diaz has testified competently to the records maintained by Freedom in the ordinary court of its business,[5] which records have now been filed in this case.  Freedom has amply demonstrated that it is the holder of the Note and Mortgage by an assignment nearly four years ago.  It is thus authorized and entitled to appear and act in this case.  Accordingly, the Debtor's Motion is DENIED.

As discussed on the record at the June 30, 2026 hearing, now that the question of Freedom's authority to participate has been answered, the Court directs the parties to confer promptly with the Chapter 13 Trustee to ensure that necessary steps are taken to move this case forward.  And again, the Court respectfully suggests that the Debtor consider engaging counsel to assist her in the prosecution of this Chapter 13 case.

Very truly yours,

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

cc:     William F. Jaworski, Esquire
        Chapter 13 Trustee

---

[4]     Docket No. 76.
[5]     *See,* Fed. R. Evid. 803.